T.C. Summary Opinion 2003-147


UNITED STATES TAX COURT


PHILLIP JAMES BURKE AND GAIL AGNES STOREY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6182-02S.            Filed October 3, 2003.


<u>James E. Schneider</u>, for petitioners.

<u>Sylvia L. Shaughnessy</u>, for respondent.


PAJAK, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency in petitioners' 1999 Federal income tax in the amount of $3,310. The Court must decide whether petitioner Phillip James Burke (petitioner) has a release from the custodial parent so that he is entitled to claimed dependency exemption deductions for his three children.

Some of the facts in this case have been stipulated and are so found. Petitioners resided in San Diego, California, when their petition was filed. Section 7491 does not apply because this case involves a legal issue.

Prior to his marriage to petitioner Gail Agnes Storey, petitioner was married to Dorothy Burke (Ms. Burke).

Pursuant to a Judgment of Dissolution of Marriage (divorce decree) entered by the Superior Court of California, County of Los Angeles, petitioner and Ms. Burke were divorced on June 26, 1991.

At the time of their divorce, petitioner and Ms. Burke had three minor children, Brian, Megan, and Kathryn. Primary physical custody of the three minor children was awarded to Ms. Burke, with certain periods of physical custody awarded to petitioner.

The divorce decree contains the following provision:

Petitioner is awarded the tax deduction for the children for which support is being paid until such time as Respondent [Ms. Burke] can provide evidence that her direct contribution to their support exceeds that of Petitioner, determination to be based on IRS guidelines.

Both petitioner and Ms. Burke signed the divorce decree on May 29, 1991.

On line 6d of their 1999 joint Federal income tax return, petitioners claimed a total of five exemptions, two personal exemptions and three dependency exemptions for petitioner's three children from his previous marriage to Ms. Burke.

Petitioners did not attach a Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, to their 1999 Federal income tax return.

Ms. Burke was the custodial parent of her three children during 1999. Ms. Burke claimed dependent exemptions for each of her three children on her 1999 Federal income tax return. Respondent allowed the dependent exemptions claimed by Ms. Burke as the custodial parent.

Respondent issued a statutory notice of deficiency to petitioners disallowing the three claimed dependency exemptions.

Section 151(c) allows a taxpayer to deduct an annual exemption amount for each dependent, as defined in section 152. Under section 152(a), the term "dependent" means, in pertinent part, a son or daughter of the taxpayer over half of whose support was received from the taxpayer. Sec. 152(a)(1).

In the case of a child of divorced parents, section 152(e)(1) provides in pertinent part that if a child receives over half of his support from his parents who are divorced under

a decree of divorce and the child is in the custody of one or both of his parents for more than one-half of the year, then the child will be treated as receiving over half of his support from the parent having custody for a greater portion of the calendar year.

Petitioner, as the "noncustodial parent", is allowed to claim the children as dependents only if one of three statutory exceptions in section 152(e) applies.  If an exception applies, the "noncustodial parent" is treated as providing over half of a child's support.  We focus on section 152(e)(2), the exception on which petitioner relies.

Section 152(e)(2) applies if "the custodial parent signs a written declaration" that such custodial parent will not claim such child as a dependent, and the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year.

Section 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984), provides that a noncustodial parent may claim the exemption for a dependent child "only if the noncustodial parent attaches to his/her income tax return for the year of the exemption a written declaration from the custodial parent stating that he/she will not claim the child as a dependent for the taxable year beginning in such calendar year." The declaration required under section 152(e)(2) must be made on

a completed Form 8332 or otherwise conform to the substance of Form 8332.  Sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., supra.  The exemption may be released for a single year, for a number of specified years, or for all future years, as specified in the declaration.  Sec. 1.152-4T(a), Q&A-4, Temporary Income Tax Regs.

Petitioner attached a statement and "a copy of the applicable pages of the divorce decree" to his 1999 income tax return.  Petitioner, the noncustodial parent, claimed the dependency exemptions for his minor children for the year in issue pursuant to a provision in the divorce decree, which stated that petitioner "is awarded the tax deduction for the children for which support is being paid until such time as Respondent [Ms. Burke] can provide evidence that her direct contribution to their support exceeds that of Petitioner, determination to be based on IRS guidelines."

Petitioner claims that his statement (including the attachment) constitutes a declaration which conforms to the substance of Form 8332.  Respondent's position is that the statement does not conform to the substance of Form 8332.  We agree with respondent.

We hold that petitioner is not entitled to claim the exemptions in question because the statement does not state unconditionally that Ms. Burke will not claim the children as

exemptions, or otherwise conform to the substance of Form 8332, as required by the applicable regulations.  Sec. 152(e)(2)(A); Horn v. Commissioner, T.C. Memo. 2002-290; Cafarelli v. Commissioner, T.C. Memo. 1994-265; White v. Commissioner, T.C. Memo. 1996-438.  In fact, Ms. Burke claimed the three exemptions for her children on her 1999 income tax return.  We also note that the statement does not conform with Form 8332 because it does not expressly set forth the name of each of the three children, although Kathryn is mentioned in another provision, and because it does not specify the year, years, or all future years. Miller v. Commissioner, 114 T.C. 184, 191-192 (2000).  Lastly, the statement is not an unrestricted release of the exemptions to petitioner because it is conditioned on a support test.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.